# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

JOSE A. GRACIANO, SR., Plaintiff,

v.

WYNN MASSACHUSETTS, LLC d/b/a ENCORE BOSTON HARBOR, JENNY HOLADAY, DOUGLAS WILLIAMS, MATHEW SYDNEY-SMITH, GEORGE MAGEE, MICHELLE MCMAHON, JAMES HLAWEK, MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION, ATTORNEY SARAH AFFEL, RODMAN EMPLOYMENT LAW, MICHAEL V. PARRAS, ESQ., Defendants.

## COMPLAINT FOR VIOLATIONS OF CIVIL RICO (18 U.S.C. § 1962)

### I. INTRODUCTION

- This lawsuit arises under **Civil RICO (18 U.S.C. § 1962)** due to a **coordinated conspiracy** by Wynn Resorts, MCAD, and legal professionals to **obstruct justice, fabricate evidence, and deny Plaintiff due process**.

- Defendants engaged in **fraudulent timeline manipulation, suppression of exculpatory evidence, and procedural misconduct**, all designed to **illegally dismiss Plaintiff's legitimate discrimination claims**.

- Plaintiff has suffered **severe emotional distress, financial devastation, reputational harm, and personal suffering** as a result of these egregious acts

### II. JURISDICTION & VENUE

- Jurisdiction:
    - **18 U.S.C. § 1964(c) (Civil RICO)**

1

- - 28 U.S.C. § 1331 (Federal Question Jurisdiction)
  - 28 U.S.C. § 1367 (Supplemental Jurisdiction)
- **Venue:**
  - Proper under **28 U.S.C. § 1391**, as Defendants' actions occurred in **Massachusetts**.

### III. PARTIES

**Plaintiff:**

- **Jose A. Graciano, Sr.**, a former Wynn Resorts Massachusetts LLC d/b/a Encore Boston Harbor employee who was subjected to **wrongful termination, retaliation, and fraudulent legal proceedings**.

**Defendants:**

- **Wynn Massachusetts, LLC d/b/a Encore Boston Harbor**
- **Jenny Holaday (President of Operations)**
- **Douglas Williams (Vice President of Operations)**
- **Mathew Sydney-Smith (Casino Director)**
- **George Magee (Casino Manager)**
- **Michelle McMahon (Dual Rate Shift Manager)**
- **James Hlawek (Executive Director of Labor & Employment, Wynn Resorts)**
- **Massachusetts Commission Against Discrimination (MCAD)**
- **Attorney Sarah Affel (Seyfarth Shaw LLP, Defense Counsel for Wynn)**
- **Rodman Employment Law, Michael V. Parras, Esq. (Former Plaintiff's Counsel, involved in improper withdrawal and obstruction of the case)**

## IV. FACTUAL ALLEGATIONS

### A. Fraudulent Timeline Manipulation & Fabrication of Evidence

1. **Plaintiff signed and completed his discrimination complaint on January 8, 2021.** However, his attorney **delayed filing the complaint until January 11, 2021**, for no legitimate reason.

2. The Defendants and MCAD **used January 11, 2021, as the official filing date**, allowing them to argue that Plaintiff's termination on **January 21, 2021**, was unrelated to his **protected activity, misrepresenting the retaliation timeline**.

3. **Internal email evidence** from **Douglas Williams to Jenny Holaday** proves that the Plaintiff's termination was premeditated, yet the court used the fabricated January 11, 2021, filing date to justify summary judgment in favor of the **Defendants**.

### B. Obstruction of Justice & Suppression of Evidence

1. **Wynn Resorts misrepresented Massachusetts Gaming Commission (MGC) regulations** to deny Plaintiff access to **critical surveillance footage**.

2. **MCAD knowingly accepted fraudulent evidence from Wynn Resorts** to dismiss the Plaintiff's case despite clear contradictions in position statements.

3. **Defendants' attorneys improperly redacted and withheld key evidence** that would have disproven the allegations against Plaintiff.

### C. Collusion Between Wynn Resorts, MCAD, and Plaintiff's Attorney

1. **The plaintiff's attorney improperly delayed filing the original discrimination complaint, allowing the** Defendants to **finalize their fabricated termination justification** before MCAD received the claim.

2. Instead of **amending the original complaint**, Plaintiff's attorney **filed a brand-new second case, giving the Defendants the opportunity to rewrite their false narrative**, present fabricated allegations, and mislead the court into believing this was a fresh complaint rather than a continuation of the original discrimination claim.

3. The fraudulent second filing allowed **Defendants to submit contradictory evidence**, further undermining Plaintiff's ability to prove retaliation.

### D. Attorney Sarah Affel's Fraudulent Stipulation

1. **Attorney Sarah Affel** (defense counsel for Wynn) attempted to **mislead Plaintiff into signing a stipulation falsely implicating him** in casino fraud.

2. **The plaintiff identified the fraud and refused to sign; Affel was later forced to correct the stipulation, proving her intent to deceive both the Plaintiff and the court**.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Award treble damages** under **18 U.S.C. § 1964(c)** for RICO violations, including **lost earnings, emotional distress, reputational harm, and punitive damages** for the **severe and prolonged harm inflicted upon Plaintiff over the past five years**.

2. **Award compensatory damages** for Plaintiff's **monetary loss, emotional distress, and damage to his professional reputation**, totaling no less than **$10 million**.
3. **Nullify all fraudulent documents and legal filings** used to dismiss Plaintiff's claims.
4. **Order the production of all suppressed evidence**, including unredacted surveillance footage and internal emails.
5. **Award attorney's fees and costs** under RICO's fee-shifting provision to ensure the Plaintiff is fully compensated for his prolonged legal battle.
6. **Impose sanctions against Defendants** for engaging in fraud, obstruction of justice, and perjury before the court.
7. **Grant any further relief deemed just and proper, including a public statement from Defendants clearing Plaintiff's name and restoring his professional reputation**.

## JURY DEMAND

Dated: February 7, 2025

Respectfully submitted,
**Jose A. Graciano, Sr.**
Pro Se Plaintiff
20 Tremont St.
Waterford CT
401-500-6506
jjgraciano07@hotmail.com

2. **Award compensatory damages** for Plaintiff's **monetary loss, emotional distress, and damage to his professional reputation**, totaling no less than **$10 million**.
3. Nullify all fraudulent documents and legal filings used to dismiss Plaintiff's claims.
4. **Order the production of all suppressed evidence**, including unredacted surveillance footage and internal emails.
5. **Award attorney's fees and costs** under RICO's fee-shifting provision to ensure the Plaintiff is fully compensated for his prolonged legal battle.
6. **Impose sanctions against Defendants** for engaging in fraud, obstruction of justice, and perjury before the court.
7. Grant any further relief deemed just and proper, including a public statement from Defendants clearing Plaintiff's name and restoring his professional **reputation**.

**JURY DEMAND**

Dated: February 7, 2025

Respectfully submitted,
**Jose A. Graciano, Sr.**
Pro Se Plaintiff
20 Tremont St.
Waterford CT
401-500-6506
jjgraciano07@hotmail.com

5